NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
LOCAL NO. 1, INTERNATIONAL :
UNION OF ELEVATOR :
CONSTRUCTORS, AFL-CIO, :
: Civil Action No. 08-06248 (JAG)
:
Plaintiff, : OPINION
:
v. :
:
LIFT-TECH ELEVATOR SERVICE, LLC, :
:
:
Defendant. :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of plaintiff, Local No. 1, International Union of Elevator Constructors, AFL-CIO ("Plaintiff" or "Union"), seeking entry of default judgment against defendant, Lift-Tech Elevator Service, LLC ("Defendant" or "Lift-Tech"), pursuant to FED. R. CIV. P. 55(b)(2). For the reasons stated below, this motion shall be granted.

**I. FACTS**

Lift-Tech signed a Joinder Agreement on or about August 24, 2007, that made Lift-Tech a party to a collective bargaining agreement ("CBA") for the period March 17, 2005 through March 16, 2009 with the Union. (Compl. ¶ 8.) Lift-Tech violated the CBA by prematurely terminating its employees and failing to make contributions into various employee benefit funds on behalf of its employees who were members of the Union. (Id. ¶¶ 9, 10.) The Union and Lift-Tech did not

1

resolve their disputes. (Id. ¶ 12.) Union invoked the arbitration provision, in section VIII of the CBA. (Id. ¶¶ 11, 12.) Arbitrator Richard Adelman, Esquire, held a hearing, pursuant to the terms of the CBA. (Id. ¶ 13.) Arbitrator Adelman ruled in favor of the Union and ordered Lift-Tech to reinstate the terminated employees with full back pay, to pay all contributions to the benefit plans and funds, to comply with the CBA, and to permit the Union and its accountants to examine Lift-Tech's payroll records. (Id. ¶¶ 15, 16.) Lift-Tech has failed to comply with any part of the Arbitrator's decision. (Id. ¶ 17.)

Plaintiff filed a Complaint against Lift-Tech on December 15, 2008, seeking to enforce the arbitration award rendered by Arbitrator Adelman. (Id. ¶ 16.) Lift-Tech was served on December 24, 2008. Lift-Tech's answer was due 20 days from the service date, but Lift-Tech rendered no response. Plaintiff sought entry of default against Defendant, which the Clerk of the Court entered on January 27, 2009. Plaintiff now seeks entry of default judgment against Lift-Tech, requiring Lift-Tech to comply with the provisions of the arbitrator's decision.

## II. LEGAL STANDARD

Rule 55(b)(2) states:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

2

"It is well settled . . . that the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)).  Default does not establish liability for the amount of damages claimed by the plaintiff.  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.").  "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages.  Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).  The district court may conduct a hearing to determine the damage amount.  FED. R. CIV. P. 55(b)(2).  The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment."  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 190 F.3d 105, 111 (2d Cir. 1997).  "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."  Pope v. United States, 323 U.S. 1, 12 (1944).

### III. JURISDICTION

Before entering a default judgment against a party that has not filed responsive pleadings,

"the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

This Court finds that subject matter jurisdiction is proper under Section 301(c) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. This action involves the enforcement of an arbitration award rendered for Plaintiff, pursuant to the terms of a collective bargaining agreement. This Court also has personal jurisdiction over Defendant, since Defendant is a limited liability corporation with its principal place of business in New Jersey. Williams, 802 F.2d at 1203.

### IV. ANALYSIS

Defendants failed to appear, or otherwise plead, in response to the Complaint, which was filed on December 15, 2008 and served on December 24, 2008. (See Complaint (Docket Entry No. 1) and Executed Summons for Lift-Tech Elevator Service, LLC (Docket Entry No. 4).) Plaintiff sought entry of default by the Clerk of the Court on January 27, 2009. The Clerk of the Court entered default on January 29, 2009. Defendant failed to respond to the instant motion, despite having been served with the motion on January 30, 2009. This Court finds that default judgment is appropriate, under FED. R. CIV. P. 55 (b)(2), on all counts of the Complaint.

### V. CONCLUSION

For the reasons stated above, this Court shall grant Plaintiff's motion for default judgment. This Court shall reserve judgment on the issue of damages.

    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: July 20, 2009